IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW J. BIGBEE,

                  Plaintiff,                                   ORDER

       v.                                                   07-C-312-C

RALPH SADOWSKI, Investigative Supervisor;
DANIEL WINGER, Correctional Officer,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this civil action filed under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971), plaintiff Andrew Bigbee contends that while he was incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, defendants violated his due process rights by destroying evidence related to plaintiff's criminal case and forcing witnesses to lie on the stand at his evidentiary hearing.  Because it appeared that plaintiff was not a prisoner when he filed the lawsuit, I did not screen his complaint pursuant to the Prison Litigation Reform Act.

       Now defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  In support of their motion, defendants submitted two affidavits.  In one affidavit, Alice

1

Daddario, an employee of the Federal Bureau of Prisons, avers that plaintiff was confined at a halfway house at the time he filed his complaint. (A halfway house is a "correctional facility" for the purpose of 42 U.S.C. § 1997e(c), which requires administrative exhaustion if the plaintiff is a "prisoner confined in . . . [a] correctional facility. Witzke v. Femal, 376 F.3d. 744 (7th Cir. 2004)). In the other affidavit, Richard Hansford, an employee of the Federal Bureau of Prisons, avers that he has reviewed the Bureau's records of the administrative remedy requests plaintiff filed since December 2002 and that none of them mentions or involves the allegations made in the complaint in this case. Attached to the affidavit of Richard Hansford is a copy of plaintiff's "administrative remedy generalized retrieval," which shows his use of administrative remedy requests since December 2002.

>Rule 12(d) of the Federal Rules of Civil Procedure provides that,

>[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Public documents may be considered in ruling on a motion to dismiss pursuant to Rule 12(b)(6) without converting the motion to a motion for summary judgment. Menominee Indian Tribe of Wisconsin v. Thompson, 161 F.3d 449, 455 (7th. Cir. 1998) (citing General Electric Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080-81 (7th. Cir. 1997) (court may take judicial notice of public record documents without converting motion into

2

motion for summary judgment)).  However, in this instance, the public record documentation defendants submitted do not supply the critical information necessary for a finding that plaintiff was at a halfway house on June 11, 2007, when he filed his complaint in this court, or that he did *not* file an administrative complaint regarding the matters raised in this lawsuit.  Instead, this information is contained in the affidavits or Alice Daddario and Richard Hansford.  These affidavits are not public documents.  Because I intend to consider the affidavits of Alice Daddario and Richard Hansford when I decide defendants' motion, I will convert the motion into a motion for summary judgment.  However, because the issues are not complicated, I will not require the parties to submit proposed findings of fact as this court's summary judgment procedures would ordinarily require.  Plaintiff is advised that if he intends to dispute the information provided in defendants' affidavits, he will need to submit his own affidavit or affidavits from other individuals with personal knowledge of his whereabouts at the time he filed his complaint or his use of the inmate grievance system.

ORDER

IT IS ORDERED that defendants' motion to dismiss is CONVERTED into a motion for summary judgment.  Plaintiff may have until December 31, 2007 in which to serve and file a brief and affidavits or documentary evidence in opposition to the motion.  Defendants

3

may have until January 10, 2008 in which to serve and file a reply.

Entered this 30th day of November, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4