IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW J. BIGBEE,

                Plaintiff,                            OPINION and ORDER

      v.                                            07-cv-312-bbc

RALPH SADOWSKI, Investigative Supervisor;
DANIEL WINGER, Correctional Officer,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action filed under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), plaintiff Andrew Bigbee contends that while he was incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, defendants Ralph Sadowski and Daniel Winger violated his due process rights by destroying evidence related to plaintiff's criminal case and forcing witnesses to lie on the stand at his evidentiary hearing. Now before the court is defendants' motion for summary judgment.[1] They contend that plaintiff

---

[1] Defendants titled the present motion a "motion to dismiss." However, because I determined that the affidavits on which defendants' motion rely are not "public documents," I converted the motion to a motion for summary judgment. Dkt. #12; Menominee Indian Tribe of Wisconsin v. Thompson, 161 F.3d 449, 455 (7th Cir. 1998) (citing General Electric Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080-81 (7th Cir. 1997) (court

1

cannot prevail on his claims because he did not exhaust his administrative remedies before filing this lawsuit, which he was required to do by the Prisoner Litigation Reform Act. 42 U.S.C. § 1997e(a). Defendants' motion for summary judgment will be granted because I conclude that the requirements of the Prison Litigation Reform Act applied to plaintiff at the time he filed this lawsuit, plaintiff failed to exhaust his administrative remedies and plaintiff has adduced no evidence that he had a legal basis for avoiding the Act's exhaustion requirements.

Before discussing the merits of defendants' motion, a few words are necessary about the evidence before the court. When I converted defendants' motion to dismiss to one for summary judgment, I instructed the parties that they were not required to submit formal findings of fact to the court. However, I cautioned plaintiff that he would need to submit affidavits or other evidence in order to put into dispute the facts included in the affidavits defendants submitted. He did not. Instead, he simply filed a brief in response without any supporting evidence. Although this was an error, it is not the reason plaintiff's opposition is deficient; even if I could rely on the statements included in plaintiff's brief, his arguments are without merit.

---

may take judicial notice of public record documents without converting motion into motion for summary judgment)).

UNDISPUTED FACTS

On March 20, 2007, plaintiff Andrew Bigbee, a prisoner in federal custody, was transferred from the Federal Correctional Institution in Oxford, Wisconsin to the Volunteers of America Residential Center in Minneapolis, Minnesota. The Volunteers of America Residential Center is a halfway house, which provides correctional services for prisoners who have been allowed to complete part of their sentences in a community-based, work-release facility. The Bureau of Prisons contracts with the Volunteers for America to house federal prisoners nearing the end of their sentence.

Plaintiff filed the complaint in this case on June 11, 2007. On September 14, 2007, plaintiff completed his federal sentence and was released from the Volunteers of America Residential Center and federal custody.

The Bureau of Prisons' records of the administrative remedy requests plaintiff filed since December 2002 do not mention or involve the allegations made in the complaint in this case.

OPINION

When plaintiff filed this lawsuit, he had not yet completed his federal sentence and was housed at a halfway house. Because his status as a prisoner was not apparent on the face of his complaint, I assumed, incorrectly, that the Prison Litigation Reform Act did not apply

3

and did not screen plaintiff's complaint. However, a halfway house is a "correctional facility" for the purpose of 42 U.S.C. § 1997e(c). Witzke v. Femal, 376 F.3d 744, 753 (7th Cir. 2004). Accordingly, the Prison Litigation Reform Act's requirements apply to plaintiff's lawsuit. Id.

Under the Prison Litigation Reform Act, a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This means that the prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. Defendants have the burden to prove that plaintiff failed to comply with § 1997e(a). Jones v. Bock, – U.S. – , 127 S. Ct. 910 (2007).

The Bureau of Prisons' administrative grievance procedures are set forth in the Code of Federal Regulations, 28 C.F.R. §§ 542.10 – 542.19. The first step is informal resolution. 28 C.F.R. § 542.13. If this is unsuccessful, the next step is for the prisoner to prepare a

4

formal complaint and submit it to the warden at the institution within twenty days of the events giving rise to the complaint. Id. at § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the regional office. Id. at § 542.15. If he is not satisfied with the regional office response, he may appeal to the central office in Washington, D.C. Id. at § 542.18. Plaintiff does not dispute defendants' contention that he did not follow these procedures; in fact, he failed to file *any* administrative grievances regarding the events that gave rise to this lawsuit. Instead, plaintiff advances three arguments for why his failure to exhaust should be excused under the circumstances.

Plaintiff's first two arguments may be disposed of quickly. First, he argues that he should not be subject to the Prison Litigation Reform Act because he was nearing the end of his incarceration when he filed this lawsuit and that it would be silly to dismiss claims that he could refile now that he is no longer incarcerated. There is some common sense appeal to this, but it is contrary to the "strict compliance approach to exhaustion" taken in this circuit. E.g., Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). Next, plaintiff asserts that it would have been "problematic" for him to pursue administrative remedies because a key witness had left her position at the Federal Correctional Institution. However, in order to satisfy § 1997e(a), a prisoner must attempt to obtain relief through the prison's internal administrative grievance system, even if he believes that it is highly unlikely, or even impossible, that he will be able to achieve the relief he seeks through that process. Thornton

5

v. Snyder, 428 F.3d 690, 694 (7th Cir. 2006); Perez v. Wisconsin Department of Corrections, 182 F.3d 532, 537 (prisoner's perception that exhaustion would be futile does not excuse him from the exhaustion requirement).

Plaintiff's final argument merits more analysis, but fares no better ultimately. In his brief in opposition to defendants' motion for summary judgment, plaintiff states that he "feared bodily harm in retaliation for filing of this case, such a threat being issue[d] personally by Captain Salas and Defendant Sadowski at FCI Oxford." Overlooking for the moment the fact that this is an unsworn statement included in plaintiff's brief and that it is somewhat ambiguous in nature, I note that a prisoner may pursue claims he failed to exhaust administratively if the means to exhaust were "unavailable." Woodford v. Ngo, 548 U.S. 81 (2006). Administrative remedies may be unavailable when prison officials use affirmative misconduct, such as threats of harm, to prevent prisoners from filing an internal grievance. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006).

However, submitting exhaustion materials to prison officials at the Oxford Correctional Institution was not plaintiff's only means for exhausting his administrative remedies. Federal regulations provide an avenue for prisoners facing the dilemma of submitting a grievance form to individuals who they fear will retaliate against them for doing so. The regulations state that "[i]f the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at

6

the institution, the inmate may submit the Request directly to the Regional Director." 28 C.F.R. § 542.14(d)(1). If plaintiff was concerned that Captain Salas and defendant Sadowski (or anyone else at the Oxford Correctional Institution) would retaliate against him for filing grievances, he could still comply with the Prison Litigation Reform Act's exhaustion requirements by sending his grievance to the regional director directly. There is no evidence that he did so.

Therefore, I conclude that defendants have met their burden to show that plaintiff failed to exhaust his administrative remedies with respect to his claims against them. Accordingly, I will grant defendants' motion for summary judgment and plaintiff's claims will be dismissed without prejudice. Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

ORDER

IT IS ORDERED that the motion for summary judgment of defendants Ralph Sadowski and Daniel Winger is GRANTED.  Plaintiff's claims are DISMISSED without prejudice.  The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 21st day of February, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge